**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.: 1:20-CR-85(08)** |
| Plaintiff, | : | **JUDGE HOPKINS** |
| v. | : | **SENTENCING MEMORANDUM OF THE UNITED STATES** |
| **QUINCY PEMBERTON,** | : | |
| Defendant. | : | |

    The defendant, Quincy Pemberton, conspired with Ryan Haskamp, William Jenkins, and others to possess with the intent to distribute and distribute controlled substances. He bought drugs from Haskamp and Jenkins and sold those drugs to users. Pemberton pled guilty to conspiracy to distribute controlled substances. The parties' Rule 11(c)(1)(C) plea agreement calls for a sentence not to exceed 60 months. The advisory sentencing Guidelines, as calculated by the Presentence Investigation Report (PSR), call for a sentence of 57 to 71 months. The government asks the Court to accept the plea agreement and sentence Pemberton to 57 months imprisonment, followed by three years of supervised release, and a $100 mandatory special assessment. This recommended sentence is sufficient but not greater than necessary to achieve the goals of sentencing as articulated by Congress.

## BACKGROUND

    In July and August 2020, agents with the Drug Enforcement Administration (DEA), Northern Kentucky Drug Strike Force (NKDSF), and Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) began a multi-agency investigation of Ryan Haskamp and others for trafficking in drugs and firearms in Cincinnati and Northern Kentucky. (PSR, ¶ 64.) During the investigation,

agents identified several individuals in Haskamp's drug trafficking network, including the defendant, Quincy Pemberton. The investigation was extensive, and it showed that Haskamp and his drug trafficking organization (the Haskamp DTO) conspired to buy and sell an array of controlled substances to include methamphetamine, cocaine, MDMA, LSD, DMT, ketamine, and marijuana. Some co-conspirators also possessed and trafficked in firearms in furtherance of their drug trafficking.

As part of their investigation, federal agents obtained a Title III wiretap authorizing the interception of wire and electronic communications over Haskamp's phones. Agents intercepted communications where Haskamp communicated with Pemberton about drug trafficking. Also, during intercepted conversations, Haskamp referred to Pemberton in the drug trafficking context. As detailed in the plea agreement, on at least two occasions, Pemberton and Haskamp discussed the distribution of cocaine. On November 9, 2020, Pemberton offered to obtain cocaine for Haskamp, which Haskamp would distribute further. On November 19, 2020, the two discussed meeting up for the purpose of a distributing cocaine, and Pemberton advised Haskamp that his customers were satisfied with the cocaine Pemberton distributed. This conversation also included statements by Pemberton where he admitted to cutting the cocaine to dilute it and expand his profits.

In addition, agents recovered text messages from Pemberton's phone where Pemberton and co-defenant Jenkins communicated about drug trafficking. Specifically, Pemberton asked Jenkins about supplying him with ketamine and LSD. Furthermore, text messages in Pemberton's phone showed that Pemberton was selling drugs to customers, to include MDMA and cocaine.

Pemberton pled guilty to conspiring with Haskamp, Jenkins, and others to distribute cocaine, LSD, MDMA, and ketamine. There are three outstanding objections to the PSR, and the matter is scheduled for sentencing on February 9, 2024.

## **LEGAL STANDARD**

The Sentencing Guidelines "should be the starting point and the initial benchmark for choosing a defendant's sentence." *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (internal quotations omitted). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007).

Then, the Court is required to consider the sentencing factors outlined in 18 U.S.C. § 3553(a). These factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) . . . the sentencing range established . . . [by the Guidelines];
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the day of sentencing[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court should impose a sentence sufficient but not greater than necessary to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See* 18 U.S.C. § 3553(a).

## ARGUMENT

### A. Sentencing Guidelines Calculation

The United States agrees with the Guidelines range calculated in the PSR, which gives a Guidelines imprisonment range of 57 to 71 months based on a total offense level 21 and criminal history category IV.

The PSR assigns a base offense level of 24 under U.S.S.G. § 2D1.1(a)(5) and (c)(8) because Pemberton is responsible for 3,000 kilograms but less than 10,000 kilograms of converted drug weight. (PSR, ¶¶ 83-87.) Pemberton's offense level is decreased by three levels for acceptance of responsibility, resulting in a total offense level of 21. (*Id.* at ¶¶ 94-96.) Pemberton receives seven criminal history points placing him in criminal history category IV. (*Id.* at ¶¶ 114-115.) The resulting Guidelines imprisonment range is 57 to 71 months. (*Id.* at ¶ 140.)

### B. Defendant's Objections

The defendant has advanced three objections to the PSR. First, he objects to the inclusion of Paragraphs 70 and 73, arguing the information is not relevant for sentencing. Second, the defendant objects to using LSD in his offense level calculation. Finally, the defendant argues he is entitled to a 2-level decrease in offense level for having a minor role. All three objections should be overruled for the reasons articulated by Probation in the PSR.

First, Pemberton's objection to the inclusion of Paragraphs 70 and 73 should be overruled. Paragraph 70 includes information related to Pemberton's communications with Haskamp. The

information has no impact on Pemberton's Guideline range but is a relevant information for the Court to consider at sentencing. Under 18 U.S.C. § 3661, the Court is not limited in the information it may consider at sentencing. Here, Pemberton's text messages with a co-conspirator is indeed relevant for sentencing on a drug conspiracy charge. Further, the information is arguably relevant conduct under U.S.S.G. § 1B1.3, as articulated in the government's response to the defendant's objection.

Pemberton also objects to Paragraph 73, which describes the February 4, 2021, traffic stop by Covington Police where Pemberton was arrested for possessing cocaine, methamphetamine, LSD, and MDMA. He argues that the traffic stop is not relevant conduct. However, under U.S.S.G. § 1B1.3, Pemberton is responsible for all acts he committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused. The traffic stop is part of the same course of criminal conduct (Pemberton's prolonged drug trafficking) and is not remote in time from the drug conspiracy. This objection should be overruled.

Second, Pemberton objects to the inclusion of LSD in his drug quantity calculation. Pemberton prefers that the LSD, which also tested positive as methamphetamine, only be counted as methamphetamine for purposes of determining his base offense level. However, the note to U.S.S.G. § 2D1.1 addresses this very issue – where a mixture and substance tests positive for more than one substance. The Guidelines instruct, "[i]f a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level." Here, LSD carries the greater offense level. As such, the PSR correctly determined that the substance that tested positive for methamphetamine and LSD should be calculated as LSD, not methamphetamine for purposes of drug weight. This objection should be overruled.

Finally, Pemberton argues that he should receive a two-level reduction in offense level under the minor role Guideline provision. U.S.S.G. § 3B1.2 instructs that a minor participant reduction applies where the defendant is less culpable than most other participants in the criminal conspiracy. In this case, Pemberton is not less culpable than most other participants. The investigation showed that Pemberton bought drugs from Haskamp to supply to others and the two had an established drug trafficking relationship at the time of the conspiracy. He is routinely referenced in the wiretap recordings; he made statements to Haskamp about diluting cocaine so he could sell more; and his cell phone extraction shows that he had a customer base for cocaine, ketamine, methamphetamine, and MDMA. Further, messages from his phone extraction show that he was using the 2423 Ingleside residence for his drug trafficking activities. This residence was used by multiple members of the Haskamp DTO and was searched by law enforcement in December. The evidence in this case shows that Pemberton is not entitled to a minor participant role. This objection should also be overruled.

### C. Analysis of the 18 U.S.C. § 3553(a) Factors

A sentence of 57 months, which falls at the bottom of Pemberton's Guideline range is sufficient but not greater than necessary and is supported by the 18 U.S.C. § 3553(a) factors.

Consideration of the nature and circumstances of this offense and Pemberton's history and characteristics demonstrates why a Guideline sentence is appropriate. As noted above, Pemberton was not a mere minor participant in Haskamp's drug trafficking organization. In fact, the investigation showed that Pemberton was able and willing to supply Haskamp with certain drugs, like cocaine, as needed. He was selling various drugs to customers and as the Court is aware drug trafficking is an inherently dangerous business. Moreover, Pemberton continued to sell drugs, even after Haskamp was arrested. He was undeterred by the prospect of criminal charges. Furthermore,

Pemberton has a history of theft and burglary; his theft offense involved physical violence and his burglary conviction involved the use of a firearm. He likewise has a history of violating probation and disrespecting law enforcement – as seen in his 2010 disorderly conduct conviction and 2010 resisting arrest conviction. The nature of the offense and history and characteristics of the defendant weigh in favor of a Guideline sentence in this case. The government's recommendation of a sentence at the bottom of Pemberton's Guideline range accounts for Pemberton's childhood circumstances, especially given the aggravating circumstances present in this case.

The government's recommended sentence will also serve the need for the sentence imposed. Here, Pemberton would benefit from educational and vocational training at the Bureau of Prisons (BOP) and needs substance abuse treatment. Further, a sentence of 57 months will promote respect for the law and reflect the seriousness of Pemberton's conduct. Additionally, to date, Pemberton has been undeterred from engaging in criminal conduct. For example, Pemberton was sentenced to a four-year term of imprisonment in 2013 but was undeterred from committing new crimes. A sentence of 57 months, a sentence that is nine months longer than his 2013 sentence, should serve as adequate deterrence. Moreover, a sentence of 57 months' imprisonment will not result in unwarranted sentencing disparities. The recommended sentence falls within the Guidelines and is sufficient but not greater than necessary.

## **CONCLUSION**

For the foregoing reasons, the United States asks the Court to sentence Pemberton to a sentence of 57 months' imprisonment, followed by three years of supervised release, and a mandatory $100 special assessment.

Respectfully Submitted,

KENNETH L. PARKER
UNITED STATES ATTORNEY

*/s/Ashley N. Brucato*

ASHLEY N. BRUCATO (0090989)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 684-3711
Fax: (513) 684-6385
Ashley.Brucato@usdoj.gov